# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR                 )
ENVIRONMENTAL RESPONSIBILITY         )
962 Wayne Ave., Suite 610            )
Silver Spring, MD 20910              )          Civil Action No. 17-1568
                                     )
        *Plaintiff,*                 )
                                     )          **COMPLAINT**
        v.                           )
                                     )
UNITED STATES FOREST SERVICE         )
1400 Independence Ave., SW           )
Washington, DC 20250                 )
                                     )
        *Defendant,*                 )
_____

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff")

   brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et*

   *seq.*, as amended, to compel the United States Forest Service ("USFS" or "Defendant")

   to disclose records wrongfully withheld in failing to respond within the statutory

   deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education

   concerning the activities and operation of federal, state, and local governments.

3. On April 10, 2017, Plaintiff sent a FOIA request seeking records related to the

   Cooperative Law Enforcement Agreements that the USFS has with local law

   enforcement agencies under the Law Enforcement and Investigations ("LEI") program.

4. This FOIA request specifically sought information related to these Cooperative Law Enforcement Agreements currently in force, the agreements in force between the years 2006 and 2016, as well as any performance reviews related to these agreements and reports related to obstruction involving local officials.

5. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and provide access to government information. The FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4,683 (Jan. 21, 2009).

6. The FOIA requires the agency to determine within 20 working days after receipt of a FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5. U.S.C. § 552(a)(6)(B)(i).

7. To date, Defendant has failed to produce any records and failed to make a determination in response to Plaintiff's FOIA request No. 2017-FS-WO-04931-F.

8. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Plaintiff is seeking to educate the public about the nature of the relationships between the USFS and local law enforcement agencies, and Defendant is frustrating that purpose.

9. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) and now seeks an order from the Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorney's fees and costs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia.  *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agent, a civil action may be brought in the district where the defendant resides).  Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. *et seq*.

13. This court has authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key and current public policy issues.  PEER focuses on the environment, including the regulation and remediation of toxic substances, public land and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.  PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, USFS, is an agency of the United States as defined by 5 U.S.C.

    § 552(f)(1) and a division of the United States Department of Agriculture.

17. Defendant is charged with the duty to provide public access to records in its possession

    consistent with the requirement of the FOIA. Here, Defendant is denying the Plaintiff

    access to its records in contravention of federal law.

## STATEMENT OF FACTS

18. Under the current legal framework, the USFS and local law enforcement agencies may

    enter into Cooperative Law Enforcement Agreements that foster cooperation between

    the two groups regarding enforcement of state and federal law.  While PEER has not

    seen the agreements we are seeking, it is PEER's understanding that these cooperative

    agreements authorize federal  and state agents to assist each other regarding state and

    federal laws on Forest Service land and nearby state land, and to assist each other in

    emergencies.

19. On January 24, 2017, during the 115th Congress, a bill was introduced titled H.R. 622—

    Local Enforcement for Local Lands Act. The bill aims to eliminate the law enforcement

    branches of the USFS and the Bureau of Land Management and transfer federal law

    enforcement activities on federal land solely to local law enforcement agencies. The bill

    would issue block grants to state enforcement agencies proportional to the amount of

    federal lands in each state and the number of federal law enforcement agents assigned to

    those lands as of September 30, 2016.

20. On April 10, 2017, PEER filed a FOIA request with the USFS for copies of all

    Cooperative Law Enforcement Agreements currently in effect between the USFS and

    local law enforcement agencies; information detailing the number of such agreements

between 2006 and 2016; performance reviews of the operations or effectiveness of these agreements by the USFS since January 1, 2010; and reports and summaries detailing any obstruction events involving local officials interfering with, threatening, or denying cooperation to USFS law enforcement officials since 2010. Defendant failed to respond.

21. On June 12, 2017, PEER emailed Sara Sullivan with the USFS, following up on the status of the request, stating that PEER had not yet received an acknowledgement of receipt or a tracking number. The email re-attached the FOIA request. Ms. Sullivan responded by claiming that the USFS had no record of the April 10th FOIA request. Sullivan forwarded the request to be logged and assigned.

22. Also on June 12, 2017, Defendant sent an email acknowledging receipt on June 12, 2017 of Plaintiff's FOIA request. Defendant assigned request No. 2017-FS-WO-04931-F.

23. On July 14, 2017, Plaintiff requested an updated production date from Defendant regarding the FOIA request. Defendant responded on July 17, 2017, stating that one of the four items Plaintiff requested in the FOIA request was too broad in scope, but Defendant did not provide direction as to how the item was broad. Furthermore, Defendant failed to produce the relevant records pertaining to the other three items requested. Plaintiff responded on July 21, 2017, asking for direction on what aspects of the request were too broad. Plaintiff asked for a response to this request by July 31, 2017, but defendant did not respond to the request for clarification.

24. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of the receipt to respond, or to assert the need for an extension. *See also* 7 C.F.R. § 1.16. Even assuming that Defendant did not receive the April 10, 2017 FOIA request until June 12, 2017, the statutory production deadline has passed.

25. As of this August 2, 2017 filing, Plaintiff has not received any records responsive to its FOIA request nor any determination from Defendant.

26. Administrative remedies are constructively exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted its administrative remedies for its April 10, 2017 FOIA request, Plaintiff now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

27. Plaintiff incorporates the allegations of the preceding paragraphs.

28. Defendant's failure to make a determination or disclose the records requested under Request No. 2017-FS-WO-04931-F within the time limits mandated by statute is a constructive denial and wrongful withholding of records in violation of the FOIA, 5 U.S.C. § 552, and the Department of the Agriculture's regulations promulgated thereunder, 7 C.F.R. § 1.1 et seq.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing the Defendant disclose to plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every other order of the court;

iv.    Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.     Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on August 2, 2017,

    /s/   Paula Dinerstein
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Attorney for Plaintiff*